**Maria De Lourdes BUCIO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–72137.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 19, 2007.

John E. Ricci, Esq., Law Office of Ricci & Sprouls, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: McKEOWN, TALLMAN and CLIFTON, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of a motion to reopen and remand.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). The BIA's denial of a motion to remand is also reviewed for abuse of discretion. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005). The BIA did not abuse its discretion in affirming the IJ's denial of the motion to reopen and remand.

The record indicates petitioner testified before the IJ that she departed the United States in April of 1998 pursuant to an administrative removal order. The record also includes the April 13, 1998 removal order which found petitioner inadmissible and ordered her removed from the United States. The BIA correctly determined petitioner's administrative removal constitut-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ed a break in her period of continuous physical presence. *See Juarez–Ramos v. Gonzales,* 485 F.3d 509 (9th Cir.2007). Because petitioner does not have the requisite ten years of continuous physical presence, she is statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A).

To the extent petitioner argues her prior counsel's suggestion that she withdraw her application for cancellation of removal before the IJ constitutes ineffective assistance of counsel and warrants a remand, the IJ properly denied the motion to reopen. Because petitioner is statutorily ineligible for cancellation of removal, she did not demonstrate any prejudice resulting from the withdrawal of her application.

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED.**